IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Sherry B. Thompson; Paul William Thompson, | ) ) ) | Case No. 7:25-cv-13666-JDA |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | **OPINION AND ORDER** |
| John/Jane Doe, *Individually and as Employee/Agent of Food Lion LLC #2835*; Food Lion, LLC #2835, | ) ) ) ) | |
| Defendants. | ) ) ) | |
| _____ | ) | |

This matter is before the Court on Plaintiffs' motion to substitute Alex Clever for Defendant John/Jane Doe and to remand.  [Doc. 13.]  Having reviewed the responses, replies, and applicable case law [Docs. 16; 17; *see also* Docs. 18; 20; 21], the Court concludes that Plaintiffs may amend their Complaint.  Further, the Court concludes that it does not have subject matter jurisdiction and remands the action to the Spartanburg County Court of Common Pleas.

## **BACKGROUND**

Plaintiffs filed this case in the Spartanburg County Court of Common Pleas on October 28, 2025.  [Doc. 1-1.]  Plaintiffs allege that they are residents and citizens of South Carolina; Defendant Food Lion, LLC #2835 ("Food Lion") is a limited liability company organized and existing under the laws of South Carolina; and Defendant Doe is a resident and citizen of South Carolina.  [*Id*. ¶¶ 1–2, 4.]

On or about September 29, 2025, Plaintiff Sherry Thompson ("Sherry") was a customer at Food Lion.  [*Id.* ¶ 9.]  Sherry attempted to walk through an open checkout

lane where "the conveyor belt . . . was stationed up" to "promot[e] egress and ingress . . . ." [*Id.* ¶ 11.]  Sherry subsequently tripped on a box lying on the ground and "suffered an extreme high-impact collision with the ground, proximately resulting in severe and acute injuries requiring extensive medical treatment." [*Id.* ¶¶ 11, 16.]  Plaintiffs bring causes of action against Defendants for negligence and loss of consortium. [*Id.* ¶¶ 17–35.]  They seek actual damages, punitive damages, costs, pre-judgment interest, and "such other and further relief as the Court may deem just and proper." [*Id.* at 9.]

On December 1, 2025, Food Lion removed the action to this Court. [Doc. 1.]  As an initial matter, Food Lion contends that Plaintiffs named the wrong defendant and that the properly named defendant is a citizen of Delaware and Massachusetts. [*Id.* ¶¶ 1, 4.]  Further, Food Lion contends that the citizenship of Defendant Doe "is disregarded for purposes of removal based on diversity of citizenship." [*Id.* ¶ 5 (citing 28 U.S.C. § 1441(b)(1)).]  Accordingly, Food Lion claims that removal is proper under 28 U.S.C. §§ 1332, 1441, and 1446 because diversity of citizenship exists and the amount in controversy exceeds $75,000.[1]  [*Id.* ¶¶ 6–7.]

On January 22, 2026, Plaintiffs moved to substitute Alex Clever for Defendant Doe and to remand the action to the Spartanburg County Court of Common Pleas. [Doc. 13.]  Principally, Plaintiffs argue that removal was improper because there is not complete diversity among the parties. [Doc. 13-1 at 3–4.]  To this end, Plaintiffs contend that Alex

---

[1] On April 7, 2026, the Court issued a Rule to Show Cause why this action should not be remanded based on failure to satisfy the amount-in-controversy requirement. [Doc. 18.]  After considering Food Lion's response and Plaintiffs' reply [Docs. 20; 21], the Court concludes that Food Lion has sufficiently demonstrated that the amount-in-controversy requirement is satisfied.  Specifically, Sherry's past medical expenses alone total more than $190,000.00. [Doc. 20-1.]  Further, Plaintiffs agree that their damages exceed $75,000. [Doc. 21.]

Clever, if substituted for Defendant Doe, would not be considered fraudulently joined because South Carolina law recognizes joint and several liability and Plaintiffs have stated a plausible claim for relief against Clever.  [*Id.* at 4–7.]

In response, Food Lion argues that the Court should deny Plaintiffs' motion to substitute Alex Clever for Defendant Doe and to remand the action because Plaintiffs fraudulently joined the store manager to destroy diversity jurisdiction.  [Doc. 16 at 3.] Specifically, Food Lion contends that the Complaint fails to state a plausible claim for relief against the store manager under South Carolina law because the allegedly dangerous condition at issue "reflect[ed] a design choice made during original construction or . . . renovation of the store" and was therefore not under the control of the store manager.  [*Id.* at 4.]

<u>**APPLICABLE LAW**</u>

**Motions to Amend**

Rule 15(a) of the Federal Rules of Civil Procedure provides that a "court should freely give leave [to amend the pleadings] when justice so requires." Fed. R. Civ. P. 15(a)(2). A motion to amend should be denied under Rule 15(a) only "when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Johnson v. Oroweat Foods, Co.*, 785 F.2d 503, 509 (4th Cir. 1986).  A proposed amendment is futile where it fails to state a claim upon which relief could be granted or "fails to satisfy the requirements of the federal rules."  *Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011) (internal quotation marks omitted).  This includes amendments that present claims that

3

would not survive a motion to dismiss. *Save Our Sound OBX, Inc. v. N.C. Dep't of Transp.*, 914 F.3d 213, 228 (4th Cir. 2019).

**Diversity Jurisdiction**

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A defendant may remove to federal district court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). In this case, Food Lion's notice of removal alleged that removal is proper because the district court has diversity jurisdiction to hear Plaintiffs' claims under 28 U.S.C. § 1332, which grants district courts "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a)(1). Section 1332 requires complete diversity of all parties, which exists where "no party shares common citizenship with any party on the other side." *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999).

**Remand**

Remand of a case to state court following removal is governed by 28 U.S.C. § 1447, which provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is placed upon the party seeking removal." *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). "Because removal jurisdiction raises significant federalism concerns, [courts] must strictly construe removal jurisdiction." *Id.* Thus, remand is necessary if federal jurisdiction is doubtful. *Id.*

4

**Fraudulent Joinder**

The fraudulent joinder doctrine permits a defendant to remove a case to federal court despite the presence of another non-diverse defendant.  *Mayes*, 198 F.3d at 461.  The party asserting fraudulent joinder "bears a heavy burden—it must show that the plaintiff cannot establish a claim even after resolving all issues of law and fact in the plaintiff's favor.  This standard is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under [Rule] 12(b)(6)" of the Federal Rules of Civil Procedure.  *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 424 (4th Cir. 1999) (internal citation omitted).  To establish fraudulent joinder, the removing party must show either "outright fraud in the plaintiff's pleading of jurisdictional facts" or that "there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court."  *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993) (internal quotation marks omitted).

## DISCUSSION

**Motion to Substitute Defendant**

As an initial matter, the Court grants Plaintiffs' motion to substitute Alex Clever for Defendant Doe.  The Court construes Plaintiffs' request as a motion to amend the Complaint under Rule 15 of the Federal Rules of Civil Procedure.  As such, the Court must determine whether the proposed Amended Complaint states a plausible claim for relief against Clever.[2]  *See Johnson*, 785 F.2d at 509; *Perry v. W. Va. CVS Pharm., LLC,* No. 2:23-cv-00705, 2024 WL 1862321, at *2 (S.D.W. Va. Apr. 29, 2024) ("Plaintiff's

---

[2] Food Lion does not argue that the proposed amendment would be prejudicial or that Plaintiffs acted in bad faith.  [*See generally* Doc. 16.]

5

proposed amendment seeks to substitute [a named defendant for a fictitious defendant]. Because Plaintiff's proposed claim against [the named defendant] is based on a theory of premises liability, [the court] must apply [the applicable state] law to determine if the proposed amendment states a claim upon which relief may be granted or if, conversely, the amendment is futile." (citation omitted)).

To establish a claim for negligence under South Carolina law, a plaintiff must present evidence of a duty of care owed by defendant, a breach of that duty by a negligent act or omission, and injury or damages actually and proximately caused by the breach.[3] *See Andrade v. Johnson*, 588 S.E.2d 588, 592 (S.C. 2003).

Under South Carolina law, two or more defendants may be held jointly and severally liable. *See Rourk v. Selvey*, 164 S.E.2d 909, 910 (S.C. 1968); *Richards v. Great Atl. & Pac. Tea Co.,* 83 S.E.2d 917, 920–21 (S.C. 1954); *Newton v. S. Grocery Stores, Inc.,* 16 F. Supp. 164, 165–66 (D.S.C. 1936) ("[A] plaintiff suing a master and servant for injuries which he has sustained as a result of the negligence of the servant, within the scope of his employment, may bring a suit against master and servant, and join them as joint tortfeasors."); Rule 20(a), SCRCP ("All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action.").

---

[3] Plaintiffs also bring a claim for loss of consortium.  [Doc. 1-1 ¶¶ 24–34.]  However, the Court need not address the elements of this claim because amendment and remand are appropriate based solely on the Court's assessment of Plaintiffs' negligence claim.

"In South Carolina, a party who operates a premises but is neither an owner nor a lessee may . . . have a duty of reasonable care with respect to an allegedly dangerous condition." *Benjamin v. Wal-Mart Stores, Inc.*, 413 F. Supp. 2d 652, 655 (D.S.C. 2006) (citing *Dunbar v. Charleston & W.C. Ry. Co.,* 44 S.E.2d 314, 317 (S.C. 1947)); *Owens v. Dolgencorp, Inc.,* No. 5:08-cv-00467-MBS, 2008 WL 11348726, at *2 (D.S.C. Oct. 22, 2008) ("Pursuant to [the] concept of joint and several liability, South Carolina law permits store managers to be sued in tort for injuries to the store's invitees."). Such liability hinges on *control* rather than ownership of the premises. *Dunbar,* 44 S.E.2d at 317. In determining whether an individual has sufficient control of the premises "so as to impose a duty to reasonably inspect the premises," the court considers whether the individual has the "power or authority to manage, direct, superintend, restrict, regulate, govern, administer, or oversee the management of the property." *Benjamin,* 413 F. Supp. 2d at 655–56 (citing CJS *Negligence* § 388).

In the present case, Plaintiffs allege Clever was "acting as a manager of Food Lion at the time of [the] incident" and that Clever's "responsibilities and duties include[d] . . . cleaning, monitoring, inspecting, correcting, and maintaining the premises of . . . Food Lion to ensure that the premises, in/around the checkout aisle, are safe, level, and not dangerous for customers, patrons, and invitees." [Doc. 1-1 ¶¶ 4–5.] Plaintiffs further allege that their injuries were directly and proximately caused by Defendants' negligent acts, including, but not limited to, "choosing not to correct the checkout aisle by ensuring the conveyor belt area was down so that patrons, customers, or invitees could not egress or ingress from the area[;] . . . choosing not to notify individuals responsible for [the conveyor belt's] repair[;]" and "failing to use at least ordinary care to manage, direct,

7

superintend, restrict, regulate, govern, administer, and/or oversee the management of [the] premises to keep it safe, clean, and not dangerous to customers." [*Id.* ¶ 19.] Given South Carolina law recognizing joint and several liability, *see, e.g., Richards,* 83 S.E.2d 917 at 920–21, as well as "the fact that a store manager by virtue of his position has a high level of control over the store," *Cook v. Lowe's Home Cntrs., Inc.,* No. 5-:06-2130-RBH, 2006 WL 3098773, at *4 (D.S.C. Oct. 30, 2006), the Complaint states a plausible claim for relief against Clever. Because amendment of the Complaint would not be futile, the Court grants Plaintiffs' motion to substitute Clever for Defendant Doe.[4]

**Motion to Remand**

Based on the record before the Court, and resolving all issues of law and fact in Plaintiffs' favor, the Court also concludes that Food Lion has not met its heavy burden of demonstrating either (1) outright fraud in Plaintiffs' pleading of jurisdictional facts or (2) that there is no possibility that Plaintiffs would be able to establish a cause of action against Alex Clever in state court.

Regarding the first consideration, Food Lion does not contend that Plaintiffs engaged in outright fraud in their pleading of jurisdictional facts. [*See* Doc. 16 at 3 n.1.]

---

[4] Food Lion relies heavily on the facts of *Benjamin,* 413 F. Supp. 2d 652. [*See* Doc. 16 at 4–5.] However, the undersigned deems the facts of *Benjamin* distinguishable, as the case at bar involves a Food Lion store manager, not the manager of a single department and/or another employee who did not occupy a managerial position. *See Cook,* 2006 WL 3098773, at *4. Further, that Clever did not specifically possess the authority to personally *repair* the allegedly dangerous condition—a conveyor belt stationed up to promote ingress and egress—does not alter the Court's analysis. *See Mobley v. Wal-Mart Stores, Inc.*, No. 2:09-cv-03019-DCN, 2010 WL 503101, at *5 (D.S.C. Feb. 8, 2010) ("[The store manager's] affidavit merely disavows her *authority to make repairs* in the parking lot. This clearly leaves open the possibility that she has the authority to search for and discover, or warn customers against, defects in the Wal-Mart store parking lot." (emphasis added)).

Regarding the second consideration, Plaintiffs bring causes of action for negligence and loss of consortium against Clever relating to a trip-and-fall incident at the Food Lion store.  [Doc. 1-1 ¶ 17–35.]  As explained in detail above, the Complaint states a plausible claim for relief against Clever under South Carolina law.  In concluding that Food Lion cannot meet its heavy burden of showing that Plaintiffs have *no possibility* of maintaining an action against Clever, the Court is mindful that the fraudulent joinder standard is even more favorable to Plaintiffs than the Rule 12(b)(6) standard and that any doubt as to jurisdiction should be resolved in favor of remand.

Because the Court concludes that Clever may be properly joined, Clever's citizenship is considered for purposes of diversity jurisdiction.  As Plaintiff and Clever are both citizens and residents of South Carolina, the parties are not completely diverse as required by 28 U.S.C. § 1332.  Thus, this Court lacks subject matter jurisdiction over this action.

## **CONCLUSION**

Based upon the foregoing, Plaintiffs' motion to substitute Alex Clever for Defendant John/Jane Doe and to remand [Doc. 13] is GRANTED.  This action is thus REMANDED to the Spartanburg County Court of Common Pleas.

IT IS SO ORDERED.

s/Jacquelyn D. Austin
United States District Judge

May 1, 2026
Greenville, South Carolina

9